UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALEX NADAL,

       Plaintiff,                             Hon. Jane M. Beckering

v.                                     Case No. 1:25-cv-0087

BRINK AND BRONK HOLDINGS, INC.,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Alex Nadal initiated the present action on January 22, 2025, claiming Defendants Brink and Bronk Holdings, Inc., and Michael Bronkema violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.*, as well as Michigan's Improved Workforce Opportunity Wage Act (MIWOWA), MCL § 408.931, *et seq.*, by knowingly and willfully failing to pay him minimum wage and by retaliating against him for complaining about the failure to pay him. (Compl., ECF No. 1, PageID.1). Specifically, Plaintiff alleges that Defendants failed to pay him wages for two days worked, and when he complained, Defendants retaliated against him by threatening to have him arrested and by contacting law enforcement who appeared at Plaintiff's home. (*Id.* at PageID.3-4).

This matter is before the Court on Plaintiff's motion for default judgment against both Defendants on all claims. (ECF No. 12). Defendants did not respond to

the motion.    Having considered the motion, the accompanying brief and the supporting affidavits, and for the reasons articulated herein, the undersigned judicial officer recommends that the motion be granted in part and denied in part.    The undersigned recommends that Plaintiff's motion be granted to the extent it seeks $192.00 in wages for the two days worked plus an equal amount in liquidated damages.  The undersigned further recommends that the motion otherwise be denied. The undersigned further recommends that the Court suspend entering judgment and order Plaintiff to provide notice as to how he wishes to proceed on his claim for emotional distress damages relating to his Fair Labor Standards Act retaliation claim.

### 1.    Background and Procedural History

Defendants were served with a copy of the Complaint and Summons on March 13, 2025.  (ECF No. 5).  Defendants failed to respond.  On May 1, 2025, Plaintiff applied for entry of default pursuant to Federal Rule of Civil Procedures 55(a).  (ECF No. 7).  The Clerk of Court entered the default the next day. (ECF No. 8).

On June 17, 2025, Plaintiff filed a motion for default judgment against both defendants.  (ECF No. 10).  The Court ordered Plaintiff to supplement the motion on October 28, 2025, regarding his claim for back pay.  (ECF No. 11).  Instead, Plaintiff filed a second motion for default judgment on November 4, 2025.  (ECF No. 12). Plaintiff seeks a total of $86,784.00 in damages, including $192.00 in unpaid wages and $28,800.00 in back pay, along with equal amounts of each in liquidated damages.

(ECF No. 13, PageID.54).   Plaintiff also seeks $28,800.00 in emotional distress damages.  (*Id.*).  Defendants have failed to respond.

## Discussion

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  There is no question here that Defendants, having been properly served, have failed to answer or otherwise respond to the complaint.  Accordingly, they are in default.

Under the FLSA, an employer is required to pay its employees the federally mandated minimum wage.  *See* 29 U.S.C. § 206-207.  "An employer violates [FLSA] when it fails to pay a minimum-wage worker for the full number of hours [he] worked in a timely manner."  *Athan v. United States Steel*, 364 F. Supp.3d 748, 753 (E.D. Mich. 2019).  Similarly, it is unlawful under MIWOWA for an employer to withhold minimum wage as prescribed by state law.  *See* M.C.L. § 408.931 *et seq.*  It hardly needs noting that the failure to pay any wage violates the FLSA and the IWOWA.

As to his unopposed default judgment motion, Plaintiff relies on his verified complaint (ECF No. 1), as well as his and his attorney's affidavits (ECF No. 13-1, 13-2).  These provide sufficient evidence upon which to find in favor of Plaintiff on his FLSA and MIWOWA claims of unpaid wages for the two days he worked for Defendants.  *See, e.g., United States v. Glock GMBH 43, 9MM Firearm,* Case No. 4:25-cv-1231, 2025 WL 2676566, at *3 (N.D. Ohio Sept. 18, 2025).  "It is well-established

that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Kwik-Sew Pattern Co., Inc. v. Gendron*, Case No. 1:08-cv-0309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)).

Having reviewed the evidence submitted, the undersigned is also satisfied that Plaintiff has established to a reasonable certainty his entitlement to an award of lost pay in the amount of $192.00. *See* FED. R. CIV. P. 55(b)(2). Plaintiff worked for Defendants as a dishwasher and cleaner in their restaurant for two days in the beginning of September 2024. (ECF No.1, PageID.3; Affidavit of Alex Nadal at ¶¶ 2, 4, ECF No. 13-1, PageID.56-57). Plaintiff worked six hours each of the two work days, and Defendants told him he would be compensated $16.00 per hour. (ECF No. 1, PageID.3; Nadal Affidavit at ¶¶ 3, 5, PageID.56-57). Defendants terminated Plaintiff's employment after the second day of work, and they refused to pay him any wages, claiming his two days of employment were considered an unpaid testing and training period. (ECF No. 1, PageID.3-4; Nadal Affidavit at ¶¶ 6-7, PageID.57).

Inasmuch as Defendants have failed to assert the good faith defense, Plaintiff is entitled to liquidated damages. *See* 29 U.S.C. § 216(b); *see also Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 840-41 (6th Cir. 2002) (a Court abuses its discretion by not awarding liquidated damages in the absence of a showing by the employer that its violation of the FLSA was based on a reasonable, good faith

interpretation of the Act).  This requires the Court to award Plaintiff an additional amount of $192.00 in liquidated damages.

Plaintiff also claims that Defendants retaliated against him after he complained about the nonpayment of his wages and informed Defendants of his intent to seek legal counsel to address the issue.  (ECF No. 1, PageID.4; Nadal Affidavit at ¶¶ 9-10, PageID.57).  That retaliation included shouting at him to leave the premises, threatening to call the police to have him arrested, sending the police to his home, and having the police serve him with a letter threatening his arrest if he returned to Defendants' restaurant.    (ECF No. 1, PageID.4; Nadal Affidavit at ¶¶ 11-15, PageID.57-58).

Section 215(a)(3) of the FLSA prohibits an employer from retaliating against an employee for engaging in activity protected by the statute.  This provision applies to former employees, and it extends beyond workplace or employment-related retaliatory acts and harm.  *See Cruz v. Don Pancho Market, LLC*, 167 F. Supp.3d 902, 910-11 (W.D. Mich. 2016).  The FLSA anti-retaliation provision may be triggered by an unofficial or informal assertion of statutory rights.  *See, e.g., Moore v. Freeman*, 355 F.3d 558, 562 (6th Cir. 2004); *see also Kasten v. Saint-Gobain Perf. Plastics Corp.*, 563 U.S. 1, 17 (2011) (holding that the FLSA anti-retaliation provision applies to oral as well as written complaints).  To make out a prima facie case of retaliation, Plaintiff must show (1) that he engaged in statutorily protected activity, (2) that he was subjected to adverse employment action, and (3) that there is a causal link between

the protected activity and the adverse action.  *See Robinson v. Wal-Mart Stores, Inc.*, 341 F. Supp.759, 762 (W.D. Mich. 2004).

Plaintiff has established all three elements.  He alleges in his verified complaint that he went to Defendants' restaurant seeking his wages, and he advised the Defendants of his intent to seek legal counsel to collect his wages.  (ECF No. 1, PageID.4).  Defendants responded by, among other things, threatening to have Plaintiff arrested, sending the police to Plaintiff's home, and having a police officer deliver Plaintiff a letter threatening his arrest if he returned to the restaurant. Plaintiff has pled a plausible connection between the protected activity and the retaliatory acts.

Unfortunately, Plaintiff fails to establish with reasonable certainty that he is entitled to the damages he claims.  Plaintiff's claim for $28,800.00 in back pay fails, as he admits in his complaint that his employment was terminated before he engaged in protected activity.  He alleges that, on his second day on the job, he learned that Defendants had terminated his employment, telling him "he was not going to work out." (ECF No. 1, PageID.3).  Plaintiff contacted the restaurant a few days later "to inquire about his compensation" for the two days worked, and thereafter returned to the restaurant in an effort to obtain those wages.  (*Id.* at PageID.3-4).  It is evident from Plaintiff's own allegations, that he engaged in protected activity—asserting his intention to seek legal assistance—several days after his employment was terminated.  Moreover, in his complaint, Plaintiff says nothing to suggest that his employment was unlawfully terminated; instead, he simply alleges that he was

6

retaliated for engaging in efforts to obtain his wages for the two days he worked. Accordingly, there is no basis for awarding back pay.

Plaintiff's claim for emotional distress damages is untethered to any proof of compensable harm.  Plaintiff asserts that he suffered emotional and mental distress as a result of the police having come to his home and the threat of arrest if he returned to the restaurant.  (Nadal Affidavit at ¶ 21, PageID.58).  The undersigned accepts Plaintiff's assertions, but simply claiming that one has suffered emotional or mental distress is an insufficient basis for awarding compensatory damages.  " 'Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.' "  *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc)).  Damages must be established with "reasonable certainty."  *Vesligaj v. Peterson*, 331 F. App'x 351, 356 (6th Cir. 2009) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Plaintiff has offered nothing upon which to calculate appropriate compensation for the distress he experienced.  Instead, Plaintiff's claim for $28,800.00 in compensatory damages is linked solely to his claim for back pay.  (*See* Nadal Affidavit at ¶ 21, PageID.58).  As noted above, Plaintiff has failed to substantiate a claim for back pay.  Much less can his claim for back pay serve as a basis for a compensatory damages award.

Accordingly, the undersigned judicial officer recommends that the Court grant Plaintiff's motion for default judgment to the extent he seeks $192.00 in wages and an additional $192.00 in liquidated damages for the uncompensated work he did for Defendants.  As to Plaintiff's claim for compensatory damages, it is the finding of the undersigned judicial officer that the unchallenged verified complaint establishes liability regarding the retaliation claim, but Plaintiff has failed to establish, with reasonable certainty, the amount of damages that should be awarded for that claim. The undersigned further recommends that the Court enter an order requiring Plaintiff to notify the Court, within thirty days of the date of that order, whether he seeks an evidentiary hearing regarding his claim for compensatory damages.  *See* Fed. R. Civ. P. 55(b)(2)(B).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 21, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

8